UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

GREGORY JEROME KINAL

                         Plaintiff,

    v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                         Defendant.

**DECISION
and
ORDER**

**18-CV-00673-LGF
(consent)**

───────────────────────────────

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER
                                  Attorneys for Plaintiff
                                  TIMOTHY HILLER, of Counsel
                                  6000 Bailey Avenue
                                  Suite 1A
                                  Amherst, New York 14226

                                  JAMES P. KENNEDY, JR.
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  ELLIE DOROTHY
                                  Assistant United States Attorney, of Counsel
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York 14202, and

                                  ELLEN E. SOVERN
                                  Acting Regional Chief Counsel, Region II
                                  Social Security Administration
                                  Office of the General Counsel
                                  601 E. 12th Street
                                  Room 965
                                  Kansas City, MO 64106, and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

FRANK D. TANKARD
United States Social Security Administration
Office of the General Counsel, of Counsel
26 Federal Plaza
Room 3904
New York, New York 10278

## JURISDICTION

On July 9, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 15). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on January 11, 2019, by Plaintiff (Dkt. No. 9), and on March 6, 2019, by Defendant (Dkt. No. 12).

## BACKGROUND and FACTS

Plaintiff Gregory Jerome Kinal ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for Social Security Disability Insurance ("SSDI") under Title II of the Act ("disability benefits"). Plaintiff, born on November 30, 1954 (R. 159),[2] alleges that he became disabled on October 31, 2015, when he stopped working as a result of ankylosing spondylitis, depression, and iritis (inflammation of the iris of the eye). (R. 206).

---

[2] "R" references are to the page numbers in the Administrative Record electronically filed on October 10, 2018. (Dkt. No. 5).

Plaintiff's application for disability benefits was initially denied by Defendant on August 16, 2016 (R. 87), and, pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Maria Herrero-Jaarsma ("ALJ Herrero-Jaarsma" or "the ALJ") on February 1, 2013, in Buffalo, New York, at which Plaintiff, represented by Jonathan Emdin, Esq. ("Emdin") appeared and testified. (R. 29-69 ). Vocational expert Rachel Duchon ("the VE"), also appeared via teleconference and testified. (R. 69-76). The ALJ's decision denying Plaintiff's claim was rendered on February 27, 2018. (R. 11-22). Plaintiff requested review of that decision from the Appeals Council, and on April 18, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-7). This action followed on June 13, 2018, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On January 11, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9-1) ("Plaintiff's Memorandum"). Defendant filed, on March 6, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 13-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on March 27, 2019, Plaintiff's Response to the Defendant's Motion. (Dkt. No. 13). Oral argument was deemed unnecessary. Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is directed to close the file.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the

decision is based on legal error. See 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A. **Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467. In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson,* 402 U.S. at 410.

In the instant case, the ALJ determined Plaintiff did not engage in substantial gainful activity since Plaintiff's alleged disability onset date of October 31, 2015 (R. 11), has the severe impairments of ankylosin spondylitis (spinal arthritis) with associated

chronic lumbar and cervical pain and iritis of the eye. (R. 13), Plaintiff's impairments or combination of impairments do not meet or medically equal the severity of any impairment in the Listings in Appendix 1, Plaintiff's statements regarding the intensity, persistence and limiting effects of symptoms related to his impairments were not entirely credible (R. 17), and Plaintiff retained the residual functional capacity to perform sedentary work with limitations that require the ability to alter positions between sitting and standing during an eight-hour day while remaining on task, sitting for 15 minutes before having to change positions, standing up to 15 minutes before sitting while remaining on task, occasional pushing, pulling, climbing ramps and stairs, balancing on level surfaces, kneeling, crouching, incidental stooping, and no crawling, occasional rotation, flexion, extension of neck movement, meaning occasionally looking down, turning the head right or left, looking up, holding the head in a static position, frequent but not constant bilateral handling including gross manipulation, fingering including fine manipulation and feeling, no exposure to unprotected heights, moving machinery and moving mechanical parts, avoid nighttime vision requirements, where reading is required print size should not be smaller than that found in ordinary books or newspaper print or standard font size for computers, no bright sunlight and permitted to wear glasses when outdoors or working in fluorescent lighting. (R. 16). The ALJ further concluded that Plaintiff is capable of performing his past relevant work as a software specialist (R. 21

Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step analysis, but argues that at step four, the ALJ incorrectly found Plaintiff capable of past relevant work. Plaintiff's Memorandum at 11.

7

## B. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform his past relevant work or alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

## Plaintiff's ability to perform past relevant work

In determining whether a claimant's impairment(s) prevent the claimant from performing past relevant work, ALJs are required to review the claimant's residual

functional capacity and physical and mental demands of the claimant's past relevant work. *See* 20 C.F.R. § 404.1520(e). Specifically, the Commissioner must demonstrate the applicant's "residual functional capacity" with regard to the applicant's strength and exertional capabilities." *Id.* An individual's exertional capability refers to the performance if "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). In this case, the ALJ posed a hypothetical to the VE whether an individual with the same age and education, capable of performing sedentary work with limitations to standing for eight hours while remaining on task, sitting for 15 minutes before shifting positions, standing for 15 minutes before sitting, occasional pushing and pulling, climbing of ramps and stairs, kneeling, crouching and balancing on level surfaces, incidental stooping, no crawling, frequent but not constant rotation, flexion extension, turning and looking up with the neck and holding the neck in a steady position, no exposure to unprotected heights, moving machinery and mechanical parts, avoiding jobs that required nighttime vision, where jobs require reading no print size that is smaller than that found in ordinary books, standard font size on computers, no work in bright sunlight and permitted to wear sunglasses when working outdoors or in areas with fluorescent lighting, who would not be capable of performing Plaintiff's past relevant work as a software specialist, to which the VE replied such an individual would be capable of performing the job of callout operator, unskilled sedentary work with 41,800 jobs in the national economy. (R. 70). Plaintiff contends that the ALJ erred by not explaining how Plaintiff would be able to return to his work as a software specialist as the VE testified that Plaintiff's residual functional capacity would erode the number of jobs available in the national economy, and the ALJ incorrectly found Plaintiff was able to return to Plaintiff's

9

past relevant work. Plaintiff's Memorandum at 10.[5] Defendant maintains that the ALJ's finding on Plaintiff's past relevant work is supported by substantial evidence as the ALJ properly relied on the VE's testimony that Plaintiff would be able to return to work as a software specialist albeit Plaintiff's residual functional capacity would erode the number of jobs available. Defendant's Memorandum at 9-10.

The Act requires the ALJ utilize the same residual functional capacity assessment used to determine if a claimant can perform past relevant work when assessing a claimant's ability to perform other work. 20 C.F.R. § 404.1502(c)(2). "Hypothetical questions asked of a vocational expert must 'set out all of the claimant's impairments.'" *Lewis v. Apfel*, 236 F.3d 503, 517 (2d Cir. 2001) (citing *Gamer v. Secretary of Health and Human Services,* 815 F.2d 1275, 1279 (9th Cir. 1987)). Determining a claimant's ability to perform past relevant work requires "a careful appraisal of (1) the individual's statements as to which past relevant work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; [and] (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work." Social Security Ruling ("SSR") 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General ("SSR 82-63"), 1982 WL 31386, at *3 (Jan. 1, 1982). Neither the DOT nor the VE testimony "trumps" when a conflict exists and the ALJ is required to determine whether the VE's explanation is

---

[5]The Court declines to discuss Plaintiff's further allegation that the ALJ adopted the incorrect standard of job performance. Plaintiff's Memorandum at 10. The ALJ's finding that Plaintiff "[wa]s able to perform [Plaintiff's past relevant work] as actually and generally performed" (R. 21), complies with the ALJ's responsibility to determine whether the claimant is able to perform the job as ordinarily required by employers throughout the national economy and supported by the Dictionary of Occupational Titles ("DOT"). *See* SSR 82-61, Titles II and XVI: Past Relevant Work – The Particular Job or Occupation as Generally Performed, 1982 WL 31387, at *2 (Jan. 1, 1982).

reasonable and provides a basis for the ALJ relying on such testimony rather than on information provided in the DOT. *See* SSR 00-04p Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions, 2000 WL 1898704, at *3 (Jan. 1, 2000). Substantial evidence is deemed to support instances where ALJ relies on hypothetical questions that contain credible limitations supported by the record and no conflict exists between the VEs testimony regarding potential alternative jobs and the DOT. *See Ball v. Astrue*, 755 F. Supp.2d 452, 466 (W.D.N.Y. Dec. 2, 2010). In this case, the ALJ found reasonable the VE's testimony that a significant number of jobs exist even after the number of jobs available eroded as a result of Plaintiff's limitations within the range of Plaintiff's past relevant work. (R. 21). Plaintiff incorrectly contends that the ALJ failed to quantify the number of jobs that exist for Plaintiff to perform in Plaintiff's past relevant work as a software specialist. *See* 20 C.F.R. § 404.1560(b)(3) ("If we find that you have the residual functional capacity to perform your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists <u>in significant numbers in the national economy</u>.") (underlining added). Nevertheless, assuming, *arguendo*, the ALJ erred in finding Plaintiff capable of performing his past relevant work as a software specialist without defining the number of jobs that would remain in the national economy after Plaintiff's job erosion as stated by the VE, such error was harmless because the VE also testified that Plaintiff was capable of performing work as a callout operator regardless of Plaintiff's ability to perform Plaintiff's past relevant work as a software specialist. (R. 70). Plaintiff thus is capable of performing work that exists

in significant numbers in the national economy and is therefore not disabled. Plaintiff's motion on this issue is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 11) is DENIED; Defendant's motion (Doc. No. 12) is GRANTED. The Clerk of Court is ordered to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 23, 2019
           Buffalo, New York